HARRY VARBALOW, PROSECUTOR, v. PHILADELPHIA NATIONAL BANK ET AL., DEFENDANTS.

Argued May 8, 1940—Decided July 20, 1940.

148

Before Justices CASE, DONGES and HEHER.

For the prosecutor of the motion, *Thompson & Lloyd* (*John Lloyd, Jr.*).

*Contra, Harry Grossman.*

The opinion of the court was delivered by

CASE, J. On April 11th, 1939, the Philadelphia National Bank recovered a judgment in the Atlantic County Circuit Court against Harry Varbalow in the amount of $3,505.23 damages and $52.87 costs. On April 28th, 1939, the judgment creditor presented to the Atlantic County Circuit Court the affidavit of its attorney of record in the suit stating that such a judgment had been entered and remained unpaid and that "deponent is advised and believes that defendant, Harry Varbalow, is employed by Hiram Steelman, Harry Varbalow and Oliver West, trustees of Jay Vee Realty Co., a corporation, and that said Harry Varbalow receives wages, earnings or salary from the said trustees in the amount of $75 per week, which said wages, earnings and salary will continue to become due and owing to the said Harry Varbalow in the amount aforesaid." Upon that affidavit the Atlantic County Circuit Court issued an order for installment execution directing the alleged employers of the said Harry Varbalow to pay the sum of $10 a week to the sheriff by whom the execution shall be presented. Upon application of the judgment debtor Mr. Justice Porter allowed a writ of *certiorari* to review the order for installment execution. The present motion is on behalf of the judgment creditor to dismiss the writ.

We think that under the circumstances of the case the prosecutor was not estopped by *laches* and the writ was not improvidently granted. The writ serves to present a question which has troubled both the bar and the courts, namely, whether proof that is not evidential and particularly that is purely hearsay should evoke an order for an installment execution. The statute, *R. S.* 2:26-182, provides:

"When a judgment has been recovered and where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to the judgment debtor, or thereafter become due and owing to him, to the amount of eighteen dollars or more a week, the judgment creditor may, without notice to the judgment debtor, apply to the court in which the judgment was recovered, or to the court having jurisdiction of the same, and upon satisfactory proofs, by affidavit or otherwise, of such facts, the court, if a court not of record, a judge or justice thereof shall issue, or, if a court of record, a judge or justice thereof shall grant, an order directing that an execution issue against the wages, debts, earnings, salary income from trust funds, or profits of the judgment debtor."

The late Chief Justice Gummere, speaking for the Court of Errors and Appeals in *Trapp* v. *Brown,* 93 *N. J. L.* 171, said of that statute: "The statute is in derogation of the common law rights of the debtor. It takes from him, without notice, and without a hearing, property which, except for the statute, is exempt from execution. It is, therefore, necessary for the creditor and the court in attempting to enforce the right given by the statute to follow its provisions strictly." Mr. Justice Kalisch, who wrote the opinion for the Court of Errors and Appeals in *Jaudel* v. *Schoelzke,* 95 *Id.* 171, speaking of statutory requirements of proof—in that case with respect to attachments—said: "It is too well settled in this state so as to warrant any debate on the subject that where a legislative act requires proof to be made of the existence of certain facts, for example, as the statute does in the present instance, it means competent evidence—such testimony as would be admissible in the trial of the case in a court of justice," quoting further the language of Mr. Justice Garrison in *Inglis* v. *Schreiner,* 58 *Id.* 120.

We conclude, therefore, that, without undertaking to determine the meritorious question, there is sufficient substance in the question to justify the review.

The motion to dismiss the writ will be denied, with costs.